IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NIA MEDINA and RODNEY MEDINA, | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.  SA-15-CV-806-XR |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, | § § § | |
| *Defendant*. | § § | |

**ORDER**

Plaintiffs Nia and Rodney Medina filed their original petition in the 57th Judicial District of Bexar County, Texas, against Defendant JPMorgan Chase Bank on September 1, 2015.  Docket no. 1-1 at 7.  Defendant removed the case to this Court on September 14, 2015.  Docket no. 1.  On October 8, 2015, the parties informed the Court that they had reached a settlement of all claims in the case.  Docket no. 5.  The Court subsequently entered an order vacating all deadlines, dismissing as moot all pending motions, and ordering the parties to submit a stipulation of dismissal within 60 days.  Docket no. 6.

Then, on December 7, 2015, Defendant filed a motion asking the Court to reinstate the case because Plaintiff's counsel had been unable to reach Plaintiffs in order to consummate the settlement.  Docket no. 7.  On December 8, 2015, the Court issued an order taking Defendant's motion under advisement and requiring Plaintiff's counsel to file an advisory within five business days informing the Court whether or not Plaintiff still wished to prosecute this case.  Plaintiff did not file an advisory and the deadline has passed.

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's authority to dismiss a case for failure to prosecute is based on the Court's inherent authority to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

A court should dismiss a complaint for want of prosecution with prejudice only when there is a "clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks omitted). "Aggravating factors" needed for a court to enter a dismissal for want of prosecution with prejudice include: "(1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct . . . [T]he sanction of dismissal with prejudice is reserved for the most egregious circumstances." *Id.*

Plaintiff failed to respond to the Court's December 8, 2015, order as directed. Additionally, it is Plaintiff, not Plaintiff's counsel, who is responsible for failure to consummate the settlement. However, the Court cannot find there is a sufficient record of delay or contumacious conduct by Plaintiff to dismiss the case with prejudice. The Fifth Circuit's second and third aggravating factors are absent here. Dismissing a case with prejudice is an "extreme sanction that deprives a litigant of the opportunity to pursue his

claim," and should be saved for the most egregious circumstances. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981) (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

Accordingly, the Court finds that this case should be DISMISSED WITHOUT PREJUDICE for failure to prosecute and for failure to comply with an order of this Court. All pending motions (docket no. 7) are DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 21st day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE